UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TODD D.,[1] | : | Case No. 2:23-cv-297 |
| | : | |
| Plaintiff, | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[2]**

*Pro se* Plaintiff Todd D. brings this case challenging the Social Security Administration's denial of his application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's *pro se* Statement of Errors (Doc. #10), the Commissioner's Memorandum in Opposition (Doc. #12), Plaintiff's Reply (Doc. #13), Plaintiff's "Statement of the Record" (Doc. #14), and the administrative record. (Doc. #7).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.
[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

Plaintiff applied for benefits on October 22, 2020, alleging disability commencing April 3, 2020, due to several impairments, including "[r]ight [a]nkle previously broke never healed correctly"; back injury in the 1980's; "[b]ack goes out all the time"; right knee problems; problems with both shoulders; and bilateral wrist problems. (Doc. #7-6, *PageID* #311). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Heidi Southern on March 28, 2022. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. She reached the following main conclusions:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since April 3, 2020, the alleged onset date. |
| Step 2: | | He has the following severe impairments: left and right shoulder degenerative joint disease, sciatica, right ankle osteoarthritis, and bilateral hand osteoarthritis. |
| Step 3: | | He does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | His residual functional capacity, or the most he can do, despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … except occasionally climb ramps and stairs, but no climbing ladders, ropes, or scaffolds. He can frequently balance and occasionally stoop, kneel, crouch, and crawl. He can frequently reach in all directions and frequently overhead reach with the right upper extremity. He can occasionally overhead reach with the left upper extremity; he can frequently reach in all other directions with the left upper extremity. He can frequently handle and finger with the bilateral upper extremities. There should be no exposure to unprotected heights or moving mechanical parts." |

|  |  | He is unable to perform any past relevant work. |
|---|---|---|
| Step 5: | | Considering his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. |

(Doc. #7-2, *PageID* #s 53-59). Based on these findings, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from April 3, 2020, though the date of the decision, April 18, 2022. *Id.* at 59.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 51-60), Plaintiff's Notice of Additional Medical Information for the Record (Doc. #8), Plaintiff's Statement of Errors (Doc. #10), the Commissioner's Memorandum in Opposition (Doc. #12), Plaintiff's Reply (Doc. #13) and Plaintiff's "Statement of the Record." (Doc. #14). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. <u>Discussion</u>

Plaintiff first contends in his *pro se* Statement of Errors that the ALJ did not give proper weight to the "diagnosis" of his treating physician, Steven Priano, M.D.  (Doc. #10).  Second, he asserts that the ALJ's decision is "in conflict" with several disability cases with "similar and/or identical situations" as Plaintiff.  *Id.*  In response, the Commissioner argues that Plaintiff's arguments are subject to waiver because they are undeveloped.  (Doc. #12, *PageID* #444).  Furthermore, the Commissioner maintains that the ALJ properly considered Dr. Priano's diagnosis, and substantial evidence supports the ALJ's decision.  *Id.* at 444-54.

As Plaintiff is proceeding *pro se*, his filings and arguments are liberally construed in his favor.  *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (stating that *pro se* pleadings "are entitled to a liberal construction" and that "appropriate liberal construction requires active interpretation in some cases to construe a *pro se* petition 'to encompass any allegation stating federal relief'") (citations omitted).  However, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf …."  *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989)).  Furthermore, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to

4

... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citations omitted).

In this case, Plaintiff's arguments are skeletal, at best. Plaintiff provided no explanation in support or analysis of either argument. Accordingly, the undersigned finds that Plaintiff's arguments are waived. *See McPherson*, 125 F.3d at 995-96 ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citations omitted); *see also Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (As Kennedy failed to provide any explanation …, the argument is deemed waived.").

Notwithstanding this finding, Plaintiff's arguments lack merit for the reasons set forth below.

### A. Steven Priano, M.D.

Plaintiff asserts that "[p]roper weight was not given to diagnosis of Dr. Priano." (Doc. #10, *PageID* #433). However, Plaintiff does not identify which diagnosis was not given proper weight by the ALJ. Moreover, Plaintiff provided no further clarification in his Reply (Doc. #13) or "Statement for the Record" (Doc. #14). The undersigned understands Plaintiff's argument to be that the ALJ did not properly weigh Dr. Priano's opinion.[3]

---

[3] To the extent that Plaintiff is asserting that the ALJ erred in her consideration of Dr. Priano's "diagnosis," Plaintiff's argument fails. A treating physician's diagnosis is not by itself determinative of the ultimate disability determination. *See Simons v. Barnhart*, 114 F. App'x 727, 733-34 (6th Cir. 2004); *see also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of [an impairment], of course, says nothing about the severity of the condition."). Plaintiff has not shown that he has functional limitations from any of Dr. Priano's diagnoses that the ALJ failed to properly consider in assessing Plaintiff's residual functional capacity. Furthermore, Plaintiff does not assert that the ALJ failed to acknowledge or consider any of Dr. Priano's diagnoses. Nevertheless, a review of the ALJ's decision reveals that ALJ Southern discussed Dr. Priano's treatment of Plaintiff, including his diagnoses, in her decision. *See* Doc. #7-2, *PageID* #s 56-58.

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. Those standards recently changed for claims filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c, 404.1527. Because Plaintiff's claim for disability was filed in October 2020, the Social Security Administration's new regulations for evaluating medical opinion evidence apply to this case.

Under these relatively new regulations, the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …." Instead, the Administration will evaluate the persuasiveness of medical opinions by using five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." § 404.1520c(c). Further, because the regulations consider supportability and consistency the "most important factors," ALJs are obligated to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions," while they "may, but are not required to, explain how [they] considered" the remaining factors. § 404.1520c(b)(2).

With respect to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinions ... will be." 20 C.F.R. § 404.1520c(c)(1). Similarly, "[t]he more consistent a medical opinion(s) ... is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) ...." 20 C.F.R. § 404.1520c(c)(2).

Treatment records show that Plaintiff first saw Dr. Priano in August 2021 for evaluation of left shoulder pain, stiffness, and weakness. (Doc. #7-7, *PageID* #394). Dr. Priano ordered an MRI of Plaintiff's left shoulder, which revealed degeneration of his acromioclavicular joint, a complete tear of his rotator cuff, impingement syndrome, and tear of his left biceps muscle. *Id.* at 395-90. Plaintiff underwent surgery his left shoulder on October 11, 2021. *Id.* at 401-03. When seen for follow up on October 22, 2021, Dr. Priano noted that Plaintiff's range of motion and strength were improving. *Id.* at 409-10. However, on December 8, 2021, Dr. Priano indicated that Plaintiff's range of motion was very limited due to pain, and he was unable to assess Plaintiff's strength. *Id.* at 416.

On October 22, 2021, Dr. Priano completed a "Disability Pension Examination Report." (Doc. #7-7, *PageID* #s 393, 425). Dr. Priano opined that he considers Plaintiff to be "[t]otally and [p]ermanently [d]isabled" under the following definition: "Patient has been totally disabled by bodily injury or disease; so as to be prevented thereby from engaging in further work as an Iron Worker or as any other type of Building Trades Craftsman; and Such disability will be permanent and continuous for the remainder of his/her life[.]" *Id.* He noted that Plaintiff's disability began October 22, 2021. *Id.*

The ALJ concluded that Dr. Priano's finding that Plaintiff is "[t]otally and [p]ermanently disabled" was "not persuasive" because it is not supported with diagnostic imaging or clinical examination. (Doc. #7-2, *PageID* #58). Furthermore, the ALJ explained that "a finding of disability or lack thereof is an issue reserved to the Commissioner." *Id.*

As discussed above, the applicable regulations require the ALJ to "articulate in ...[the] decision how persuasive [she found] all of the *medical opinions* ... in [the] case record." 20 C.F.R.

7

§ 404.1520c(b) (emphasis added). However, Dr. Priano's statement that Plaintiff is disabled is not a "medical opinion" as defined by the regulations. *See* 20 C.F.R. § 404.1513(a)(2) (defining a "medical opinion" as "a statement from a medical source about what [an individual] can still do despite [his or her] impairment(s) and whether [he or she] ha[s] one or more impairment-related limitations or restrictions in the following abilities…"). Dr. Priano's finding does not include "a statement… about what [Plaintiff] can still do despite [his] impairment(s)" or a statement about "whether [Plaintiff] ha[s] one or more impairment-related limitations or restrictions" in the abilities listed in 20 C.F.R. § 404.1513(a)(2)(i)-(iv). Accordingly, because Dr. Priano's statement is not a "medical opinion" as defined by the regulations, ALJ Southern had no duty to "articulate in ...[the] decision how persuasive" she found Dr. Priano's conclusion under 20 C.F.R. § 404.1520c(b).

Furthermore, Dr. Priano's conclusion that Plaintiff is disabled is a statement on an issue reserved to the Commissioner under 20 C.F.R. § 404.1520b(c)(3)(i). As such, it "is inherently neither valuable nor persuasive to the issue of whether [a claimant] is disabled … under the Act …," and the ALJ is not required to provide any analysis about how she considered it in her decision. 20 C.F.R. § 404.1520b(c) ("we will not provide any analysis about how we considered such evidence in our determination or decision, even under § 404.1520c").

Accordingly, because Dr. Priano's statement that Plaintiff is disabled is not a "medical opinion" under the regulations and is a statement on an issue reserved to the Commissioner, the ALJ did not err in finding it unpersuasive.

B.  **Other Cases**

Plaintiff also asserts that "[t]he denial of disability benefits is in conflict with the below cases in that in similar and/or identical situations like [Plaintiff], disability benefits were properly awarded to the claimants." (Doc. #10, *PageID* #433). Plaintiff then lists eight cases and includes a very brief description of the case. For some of the cases, Plaintiff's description is limited to a list of the claimants' impairments. For others, Plaintiff also compares the claimants' impairments to his own. For example, Plaintiff notes that in *Shilo v. Commissioner of Social Security*, "Shilo was awarded benefits due to back pain, bone spurs and spinal stenosis. These medical impairments are almost identical to [Plaintiff's] medical conditions." *Id.* (citing *Shilo v. Comm'r of Soc. Sec.*, 600 F. App'x 956 (6th Cir. 2015)). Additionally, for two of the cases, Plaintiff also includes that the cases were remanded because "proper weight was not given to [the plaintiff's] treating physician." *Id.* at 434 (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009); *Hensley v. Astrue*, 573 F.3d 263 (6th Cir. 2009)). Finally, Plaintiff identifies two ironworkers with similar impairments as himself who were awarded benefits without having to go to court. *Id.*

In comparing his impairments with those of the claimants in his listed cases, Plaintiff conflates a diagnosis with functionality. Regardless of whether Plaintiff has the same or similar impairments as those claimants, "[t]he mere diagnosis of [an impairment] … says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *see also Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 713 (6th Cir. 2013) ("[N]ot every diagnosable impairment is necessarily disabling."). Plaintiff has not shown that he has any specific functional limitations from his impairments that the ALJ failed to consider or account for in her residual functional capacity assessment.

To the extent that Plaintiff relies on *Blakely* and *Hensley* to assert that the ALJ erred in her assessment of Plaintiff's treating physician's opinion, Plaintiff's argument fails for the reasons discussed above.

Based on the foregoing, it is **RECOMMENDED** that the Court **AFFIRM** the Commissioner's decision.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Statement of Errors (Doc. #10) be **DENIED;**

2. The Commissioner's non-disability finding be **AFFIRMED**; and

3. The case be terminated on the Court's docket.

January 8, 2024 　　　　　　　　　　　　　　　*s/ Peter B. Silvain, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　Peter B. Silvain, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).